## Bell Savings & Loan Assn. v. Lavender Building Corporation

*Donald J. Orlowsky*, for plaintiff.

*C. Norwood Wherry*, for exceptant.

*Walter T. ReDavid*, for sheriff of Delaware County.

CATANIA, J., July 14, 1964.—This case comes before the court on exceptions filed to an amended schedule of distribution of the proceeds of a sheriff's sale of real estate.

On September 30, 1963, Bell Savings and Loan Association, plaintiff-mortgagee, confessed judgment on a bond accompanying a construction loan mortgage on a residence located on Bonsall Avenue, Yeadon, Delaware County, Pa., against defendant-mortgagor Lavender Building Corporation. Judgment was entered in the amount of $10,469.15, pursuant to an assessment of damages filed by plaintiff-mortgagee. Execution thereon was commenced and a sheriff's sale held on October 8, 1963. The property was sold to the highest

bidder for the sum of $10,600. A proposed schedule of distribution was then filed and posted by the sheriff in his office on November 29, 1963. Under this schedule of distribution, the sum of $10,083.70, being the balance of the proceeds after the deduction of costs and taxes, was to be distributed to plaintiff-mortgagee. No exceptions were filed to this proposed schedule of distribution. However, subsequent to the sheriff's sale, counsel for plaintiff-mortgagee informed the sheriff that his original assessment of damages was too high and therefore incorrect. He instructed the sheriff to withhold distribution of the balance of the proceeds, even though the entire balance was scheduled for distribution to the plaintiff-mortgagee, until he could ascertain the correct figure and file an amended assessment of damages. On January 8, 1964, an amended assessment of damages was filed. On January 21, 1964, the sheriff filed and posted in his office an amended schedule of distribution. Under the amended schedule of distribution, plaintiff-mortgagee was to be paid only $6,962.01 instead of the sum of $10,083.70, as set forth in the original schedule of distribution, and the balance of $3,116.29 was to be paid to two judgment creditors of defendant-mortgagor according to their priority. Exceptions to the amended schedule of distribution were thereafter filed by William A. Geppert, Inc., also a lien creditor of defendant-mortgagor.

It is the contention of William A. Geppert, Inc., hereinafter referred to as "Exceptant", that since no written exceptions were filed to the sheriff's proposed schedule of distribution within 10 days after it was filed, the sheriff does not have the authority to file an amended proposed schedule of distribution upon discovering a mistake in the original.

The exceptant bases its contention upon section 3136 (d) of the Pennsylvania Rules of Civil Procedure, which reads as follows:

"(d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than ten (10) days after the filing of the proposed schedule."

As we understand its argument, the exceptant feels that the above rule makes it mandatory that the sheriff distribute the proceeds of the sale in accordance with the proposed schedule of distribution, after the expiration of the 10-day period, and that this must be done even though the sheriff later discovers an obvious error in the schedule.

We do not agree with this interpretation of the rule. We are of the opinion that where the sheriff's proposed schedule of distribution is based upon a mistake of fact, he does have the right to file an amended proposed schedule of distribution, even though no exceptions had been filed to the original.

The obvious purpose of Rule 3136(d) is to give lien creditors and other similar parties notice of the schedule and time in which to file exceptions thereto if they feel it is incorrect. The reason for this limitation is clear. It is to give some measure of finality to the proposed schedule of distribution and protects the sheriff to the extent that a lienholder cannot complain of the distribution made if he has not filed exceptions within the 10-day period. But, we do not read into it a prohibition against amendment of the schedule by the sheriff himself.

For us to say at this point that the sheriff must pay the entire proceeds of the balance, amounting to $10,083.70, to Bell Savings and Loan Association when the latter admits that it is entitled to only $6,962.01, would be to interpret this rule in such a manner as to produce an absurd, unreasonable and unjust result. When our current Rules of Civil Procedure were adopted, the Supreme Court foresaw that no body of

written rules could anticipate every future contingency and eliminate every ambiguity, and therefore provided in Rule 128 as follows:

"In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions among others:

"(a) That the Supreme Court does not intend a result that is absurd, impossible of execution, or unreasonable."

We feel that it certainly would be absurd and unreasonable not to allow the sheriff to file an amended schedule of distribution in order to correct an admitted mistake that would not adversely affect the lienholders of record.

Accordingly, we are of the opinion that the sheriff has the power to amend his schedule of distribution after the expiration of the 10-day period allowed for the filing of exceptions when he discovers his original schedule was based upon a mistake of fact and was therefore incorrect.

We are not alone in our interpretation of this rule in this manner. In the case of Ellwood City Savings and Loan Association v. Bingham, 12 D. & C. 2d 322 (1957), the court allowed the sheriff to file an amended schedule of distribution to include a new lien which was not set forth in the original proposed schedule of distribution. Here, if we allow the sheriff to file an amended schedule of distribution, there will be no such change in the standing of the lienholders. The result of allowing the amendment will be that Bell Savings and Loan Association will receive $6,962.01, the amount admitted to be due to it, and the balance of the proceeds of the sale will go to the lien creditors next in line after the mortgage of Bell Savings and Loan Association. Accordingly, we make the following

### Order

And now, to wit July 14, 1964, it is ordered and

decreed that the exceptions of William A. Geppert, Inc., to the sheriff's amended schedule of distribution, are dismissed. An exception is noted for William A. Geppert, Inc.